FORD v. NICOL.

1. APPEAL AND ERROR—VERDICT FOUNDED ON OPINION OF EXPERT—CONJECTURE.

Verdict of jury founded on facts is entitled to great weight, but where founded only on opinion of experts concerning cause of condition itself established by their opinion, it has no such weight.

2. EVIDENCE—PROBATIVE EVIDENCE—THEORIES.

Probative evidence must be something more tangible than mere pyramiding of theories.

3. SAME—MARRIED WOMEN—OPINION EVIDENCE—STERILITY—CONJECTURE—DAMAGES.

> Where, in action by married woman for personal injuries received in accident, there was no evidence of injury to her sexual organs, and testimony of physician, called as expert, that, in his opinion, plaintiff was sterile due to nervous shock as result of said accident, was based on conjecture merely, it did not rise to dignity of evidence, and was therefore insufficient to justify award of damages for sterility.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted November 4, 1932. (Docket No. 153, Calendar No. 36,826.) Decided January 3, 1933.

Case by Minnie I. Ford against Frank V. Nicol and another for personal injuries. Verdict and judgment for plaintiff. Defendant appeals. Reduced and affirmed.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn*, of counsel), for plaintiff.

*Bishop & Weaver*, for defendants.

WIEST, J. Without injury to her sexual organs plaintiff claims that, as a result of injuries received in an accident, she has been rendered sterile. A jury awarded her $2,500 as compensation for her injuries and suffering, and $5,000 compensation for inability to bear children. It is asked by defendants that the judgment for $2,500 be affirmed, and the award for sterility be set aside.

We need consider but one question. Six months before the trial plaintiff's physician found that she had chronic tumors of the womb, not caused by the accident, and that the tumors rendered her permanently sterile. So we have, at the most, the period from the time sterility, if any, developed after the accident, which occurred in October, 1927, and discovery of the tumors, some time about October, 1930.

At the time of the accident plaintiff was 39 years of age, had been married three years, and had one child eight months old. Plaintiff's physician testified that in the accident she received no cuts, no black and blue marks, and no objective signs of injury, and an X-ray, about four months later, "showed no pathology," no fracture, no dislocation, and nothing to account for the pains she had in her neck, and he concluded that "she had torn ligaments in the cervical region," and was of the opinion that, "up to the time that she acquired these tumors, that she was sterile as a result of her nervous condition resulting from the accident." This witness also testified that, "nervous shock can affect a woman to prevent ovulation;" that "there can still be menstruation every month and no ovulation." He did not give her a "female examination" until about five months after the accident, and then found her physically capable of having children, advised her that she should have children, and from the history of efforts toward that end, as related by her, he was of the opinion that she must have been sterile, caused by lack of ovulation, caused by the extreme shock to her nervous system. This kind of testimony is sterile.

As said in *Bucher* v. *Railway Co.*, 139 Wis. 597 (120 N. W. 518):

"The verdict of a jury founded upon facts is entitled to great weight, * * * But the verdict of a jury founded only upon the opinion of experts concerning the cause of a condition, which condition is itself established by the opinion of experts, has no such weight."

That case involved impotency.

The testimony did not disclose evidentiary facts. The expert had but a theory that plaintiff was sterile

because she did not become pregnant; that she did not become pregnant because of lack of ovulation; that lack of ovulation was because of shock to her nervous system. Probative evidence must be something more tangible than a mere pyramiding of theories. The witness gave no satisfactory data upon which to base his conjectures. The sterility here alleged was too remote and speculative, considering the nature of the injuries, to warrant the verdict rendered. Incapacity to bear children, except occasioned by direct injury to, or disease of sexual organs or reproductive functions, is difficult to prove, but cannot be permitted to rest upon conjecture of such inability and speculation as to the cause of such conjectured inability. We need make no quotations from the expert evidence in contradiction of the postulates of the expert called by plaintiff. The evidence must show sterility in fact and occasioned by direct bodily injuries or the proximate result thereof. It has been said by an eminent writer that:

"Sterility is not a specific disease, but is the intricate product of causes as complex as modern civilization." 2 Hall on Adolescence, p. 597.

Direct evidence should be, and is essential; a direct injury to sexual organs may afford such evidence, but mere conjecture on the subject, expert or otherwise, does not rise to the dignity of evidence. See *Adams* v. *Bucyrus Co.*, 155 Wis. 70 (143 N. W. 1027).

The judgment is reversed as to the $5,000 awarded for sterility, and affirmed as to the $2,500 awarded for injuries sustained by plaintiff. Defendants will recover costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, and Butzel, JJ., concurred. Fead, J., did not sit.